Curia, per

Evans, J.
In all the essential features of *386 this case it is like the case of Kennedy vs. Sowden, 1 McMul. 323. In both cases the injury complained of was done by the town officer, in strict accordance with the town ordinance. The plaintiffs in both cases were not corporators, and the ordinance contains the same provision for seizing, advertizing and selling the hog, unless the owner should, within a limited time, assert his claim, and redeem his property by the payment of a fine. The only question is, whether the Act incorporating the Town of Walterborough gives as extensive power as the Act incorporating Columbia. If it does, then this case is identical with Kennedy vs. Sowden, and must be governed by it. By the 7 sect, of the Act of 1805, (8 Stat. 235,) the Town Council of Columbia have power “to make all such ordinances, rules and regulations, relative to the streets and markets of the said town, as they may think proper and necessary, and establish such by-laws as may tend to preserve the quiet, safety and good order of the inhabitants thereof; and may fix and impose fines and penalties for the violation thereof, which may be recovered in a summary way by the Intendant and Wardens or a majority of them.” By the 4th sec. of the Act of 1826, (6 Stat. 287,) incorporating the village of Walterborough, the Intendant and Wardens have power “to make and establish all such rules, by-laws and ordinances respecting the streets, ways, markets and police of the said village, as shall appear to them necessary and requisite for the security, welfare and convenience of the said village, or for preserving health, peace, order and good government within the same; and the said council may affix fines for offences against the bylaws and appropriate the same,” (fee. and by the 5 sec. they “shall have full power to abate and remove nuisances in said limits.” No fine to exceed fifty dollars, and to be recovered, if over twenty dollars, in the Court of Common Pleas, and if less may be recovered before the Intendant and Wardens or any two of them. The only material difference between the powers confered by these two charters is, that the Columbia charter contains the words fines and, penalties, whilst the Walterborough charter confers the power to impose fines. It does not appear to me this can *387 make any difference in the result. The word penalty may be of more comprehensive signification than fine. Yet every fine, I suppose, is a penalty, and the words in the Columbia charter shew that a pecuniary penalty, or fine, alone is meant, for the word' “recovered” is applicable to that kind of penalty alone.
There is, then, no material difference in the powers granted by the two charters, and if the Town Council of Columbia may proceed in this summary way in abating what they may declare to be a nuisance, there can be no reason why the Town Council of Walterborough may not do the same, especially as the charter of the latter gives •expressly the power to abate and remove nuisances, whilst the power in the former is inferential only. The Act gives the power to pass by-laws on the subjects of streets, health and good order, subject to the restrictions that they shall not be inconsistent with the laws of the land, and Legislative revision. On these subjects, and with these restrictions, their power is unlimited, and if in their judgment the hog license to run at large be injurious to the streets or health of the citizens, they have a right to legislate on the subject, and pass laws for the removal or abatement of it, as a nuisance.
The power would be of little avail if they could operate on the owner only by fine. The executive officer would have to institute an inquiry, first, to ascertain the owner, and then summon him before the council to recover the fine, whilst the hog was still running at large, and doing those injuries which the ordinance was intended to prevent ; or the hog might have no known owner, or the owner might disclaim his title in order to avoid the fine; and in these, and a hundred other ways, the ordinance might wholly be eluded and the nuisance perpetuated. Similar ordinances havé been passed by most of the cor-, porate towns in this State, and especially in Charleston, both before and since the adoption of the constitution, without its being supposed to be any infraction of the 9th article of the constitution of this State, the meaning of which it is not thought necessary to discuss in this case,
The motion is dismissed.
*388 Richardson, O’Neall, Butler, and Frost, JJ. concurred.